IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ERIC CHISUM, #310799           *
          Plaintiff,
   v.                          *  CIVIL ACTION NO. DKC-06-1651

ROBERT LEE BURROW, CO II, et al.  *
          Defendants.[1]
                             ***

## MEMORANDUM

This excessive force complaint is relatively straightforward. Plaintiff, a prisoner at the Jessup Correctional Institution, formerly known as the Maryland House of Correction Annex ("MHCA"), complains that while in the MHCA medical unit for chest pains on October 6, 2005, he asked to have his shackles removed in order to use the rest room. Paper No. 1. He claims that Correctional Officer Burrow told him "you don't dictate nothing" and "don't tell me how to do my job." (*Id.*). Plaintiff states that he then asked to see a captain and to have the video camera brought down, prompting Burrow to repeat his earlier comments. *Id*. He alleges that: (1) as he got up to talk to another correctional officer at the desk, he was grabbed by other officers; (2) he "shook loose" of the officers and tried to walk away; and (3) Defendant Burrow jumped on his back and started hitting him with a metal object. *Id*. Plaintiff claims that he was subsequently stitched up by a physician's assistant and returned to MHCA A-Building. *Id*. He seeks $100,000.00 in punitive damages and $10,000,000.00 in compensatory damages. *Id*.

---

[1] Correctional Officer Burrow is the only Defendant named in the Complaint caption and statement of facts.

Currently pending before the court is the Defendant's unopposed Motion for Summary Judgment, filed on October 10, 2006.[2] Paper No. 10. The case is ready for the court's consideration and may be determined without oral hearing. See Local Rule 105.6. (D. Md. 2004).

A claim of excessive force raised by a prison inmate against a correctional officer involves analysis of both objective and subjective elements. *See Stanley v. Hejirika*, 134 F.3d 629, 634 (4th Cir. 1998); *Williams v. Benjamin*, 77 F.3d 756, 760 (4th Cir. 1996). The core judicial inquiry when analyzing the subjective element is to review "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992) (citing *Whitley v. Albers*, 475 U.S. 312 (1986)). The objective element is analyzed to determine whether the officer's actions were harmful enough to offend contemporary standards of decency. *See Hudson*, 503 U.S. at 8. Factors which are pertinent to this inquiry include the extent of injuries suffered by the inmate, the need for the application of force, the relationship between the need for force and the amount of force used, the threat reasonably perceived by prison staff, and any efforts on the part of staff to temper the severity of their response. *See Hudson*, 503 U.S. at 7; *Whitley*, 475 U.S. at 321. While the prisoner's injury need not be significant to violate the Eighth Amendment, something more than a *de minimis* injury is required in order to prove that excessive force was used. *See Norman v. Taylor*, 25 F.3d 1259, 1263 (4th Cir. 1994) (en banc) (generally, no Eighth Amendment excessive force claim exists where any injury sustained by the plaintiff is *de minimis* and the force is not of a source "repugnant to the conscience of mankind.")[3]

---

[2] Pursuant to the dictates of *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), on October 24, 2006, Plaintiff was notified that Burrow had filed a summary judgment motion and that he was entitled to file materials in opposition.

[3] When determining whether injuries suffered by an inmate at the hands of prison officers are *de minimis*, a court should consider: (1) the context in which the injuries were sustained, *i.e.,* was there a disturbance which required the use of force; (2) did the inmate seek medical care; (3) were any injuries documented in the medical records generated shortly after the incident; and (4) are the documented injuries

The following unopposed facts have been presented to the court. *See* Paper No.10 at Ex. 1 (Burrow Decl.) & Ex. 2. On October 6, 2005, Plaintiff was housed on disciplinary segregation at MHCA. That night he had been brought to the medical unit complaining of chest pain. While sitting in the nurse's office Plaintiff asked to have his shackles removed. Defendant Burrow refused to remove the restraints. Plaintiff ran out of the nurse's office, shook off officers, and continued running down the hall. Burrow grabbed both of Plaintiff's shoulders and wrestled him to the floor. Plaintiff's head struck the floor and began to bleed. Burrow hurt his back. Correctional Officer Joseph Philmore heard the commotion and arrived to assist Officer Burrow by holding Plaintiff on the floor, face down, until additional officers could arrive with further assistance. When additional officers arrived to assist restraining Plaintiff, he was escorted to the medical unit for treatment. Plaintiff suffered a two centimeter laceration to the occipital area of his head and received 3 stitches to close the wound. He was escorted to MHCA A-Building and then back to an isolation cell. Officer Burrow prepared a Matter of Record and issued a Notice of Infraction against Plaintiff.

Defendant argues that Plaintiff has failed to meet the requirements for an Eighth Amendment violation regarding excessive force.[4] The court agrees. There is no dispute that while seated in the nurse's office in the MHCA medical unit on October 6, 2005, Plaintiff became angry when Burrow refused to remove his shackles. He proceeded to exit the nurse's station, broke away from officers,[5]

---

consistent with the prisoner's allegations of excessive force or are they more consistent with the application of the amount of force necessary under the circumstances of the particular incident. *See Taylor v. McDuffie*, 155 F.3d 479, 484 (4th Cir. 1998); *Stanley v. Hejirika*, 134 F.3d at 634; *Riley v. Dorton*, 115 F.3d 1159, 1168 (4th Cir.); and *Norman*, 25 F.3d at 1264.

[4] Based upon the statements made by Plaintiff in his Complaint, Defendant alternatively argues that the matter is subject to dismissal for the failure to exhaust administrative remedies under 42 U.S.C. § 1997e(a). The materials relied on by Defendant in his summary judgment motion solely go to the merits of Plaintiff's excessive force claim. Inasmuch as the court finds that no Eighth Amendment violation has occurred, it need not examine the exhaustion argument which, for all intents and purposes, has been presented as a Rule 12(b) motion.

[5] Plaintiff acknowledges that he attempted to get loose from officers.

and began to run down the hall.  Burrow chased Plaintiff, grabbed his shoulders, and wrestled him to the floor.  Burrow sustained a back injury.  Plaintiff's head hit the floor and he received a gash to his scalp which required 3 stitches.  No other injuries were noted.

Plaintiff has been challenged to come forward with documents, declarations, or affidavits, which directly refute Defendant's materials as to the reasons for the application of force, the degree of force used, and the extent of his injuries.  He has failed to so do.  In this instance Burrow's use of force was reasonable under the circumstances.  At the time of the October 6, 2005 incident Plaintiff was a segregation inmate at MHCA.  Accordingly to the exhibits, such inmates are not permitted to walk away from officers nor are they permitted to be alone, unrestrained, and unescorted when outside their cells.  Here, Plaintiff walked or ran from officers while in the medical unit.  The unopposed materials show that the force used by Burrow was minimal and necessary to subdue Plaintiff.  Plaintiff's *de minimis* injury is consistent with the application of force set out in Burrow's declaration and base file records.  For these reasons, Defendant's Motion for Summary Judgment shall be granted and judgment shall be entered in favor of Defendant and against Plaintiff.  A separate Order follows.

Date:    11/29/06                             /s/
                                                DEBORAH K. CHASANOW
                                                United States District Judge